Judge Wright
delivered the opinion of the court:
The question of misjoinder is the only material one raised upon. 93] this %ecord; and we think if, in any case under our laws, an administrator can be held liable in indebitatus assumpsit, in his representative character, upon a promise by him, as such, where the consideration arises after the death of his intestate, then there is no misjoinder in this declaration. It is not our purpose to go into a full examination of the authorities referred to, or to attempt a reconciliation of conflicting ones.
The Supreme Court of Pennsylvania, in 13 Serg. & R. 441, adjudged it no incongruity to join a count upon an assumpsit of the intestate, in his lifetime, with one on an undertaking of the administrator, after his death, when the same judgments can be given in both. Chief Justice Tilghman in that case says: “ The rule of law is, that the judgment is the criterion as to joining of counts. There can be no different judgments in one action, but counts which require the same judgment may be joined.” If this is the true test, and we think it is, the provision of our statute, that in all cases against an administrator the judgment shall be of the assets of the intestate, would seem to favor this joinder. The same court, in 12 Serg. & R. 99, sustained an action on an implied prom *97 ise by an administrator, as such, for money paid, laid out, and expended, for his use as administrator, in consequence of a payment by the plaintiff after the death of the intestate. The court say: “An implied promise arises out of, and follows the nature of the consideration, which in this case was the actual payment of money to the administrator, as such, and there is, therefore, no great technical absurdity in implying a promise by him in the character in relation to which the money was paid to his use.”
It has long been the practice for an administrator to join, in the same suit, a promise to his intestate and a promise to himself, and also to join a count, upon an indebtedness and promise to the intestate, with one upon an indebtedness to the intestate, and a promise to the administrator. Remembering that the promise is the gist of the action, it is difficult to distinguish the legal consequences of such a case from the one at bar. If the recovery must, in all cases, follow the undertaking, it would, in the latter case, be in favor of or against the administrator, in his individual and not in his representative character. It is said, however, this is allowed to avoid the statute of limitations ! Then it would seem to follow that you may lawfully violate a principle of the common law in order to defeat the operation of a statute of repose, while you are restrained from ^varying a rule of mere practice, when by so [94 doing you reach the ends of justice! The principle in the two cases, in our opinion, is the same, and ought to be applied accordingly. We concur with Chief Justice G-ibson, in Pennsylvania, 12 Serg. & R. 100, that “ the same convenience which requires such a form of declaration to be supported, where it is employed to elude the statute of limitations,, equally requires it to be supported in cases like the present. At all events it is entirely within the power of this court to establish a precedent for itself.”
An administrator may sue, in his representative character, in all cases where the money, when recovered, would be assets. 1 Term, 487; 3 East, 104; 3 Term, 659; 1 Saund. Pl. & Ev. 606; 6 East, 405; 6 Taunt. 453; Salk. 207. So in Beall v. Palmer, 2 Levinz, 165, it is held that “as to contracts entered into with themselves, they may sue in all cases where the money, when recovered, would be assets.” Will not the rule hold equally good that the administrator may be sued, as such, in all cases where the assets of his intestate are directly or indirectly sought to be charged ? At any rate, it seems to us the administrator has no* *98 ground to object against a recovery of him, in his representative character, that the judgment should have been against him in his individual character.
Suppose (and it is urged that the case supposed is the real case before the court), that the intestate contracts to sell land, to re ceive his pay by installments, and to make a deed when the payments are completed. Some of the installments fall due in the life of the intestate, and are paid to him, others, falling due after his death, are paid to his administrator, and it is subsequently discovered that the intestate’s title is defective. The purchaser has a legal right to abandon the contract, and recover back the purchase money and interest. Was not the money paid to the administrator received by hi m, in his representative capacity, for the use of the purchaser, and can he be made liable in law to refund in any other capacity than the one in which he received it? If the estate is insolvent, and the administrator has disbursed these assets in the due course of administration, can he be made liable as an individual, when in that capacity he has done nothing ? A rule of law that would so subject an administrator, without fault, would be palpably unjust, yet he would be so liable if the transaction be held his personal contract. In the case supposed, the money was 95] received by the individual as administrator; as an individual he had not a shadow of claim to it; he paid it away again under the direction and sanction of the law, with the superadded obligation of his oath of office. Upon no principle of equity or justice can he be holden, as an individual, to answer for it.
But it is urged that the declaration, in this class of cases, should be special, and contain a full statement of the facts relied upon for a recovery. Why should this case be an exception from the general rule ? Doubtless, a plaintiff in assumpsit may set forth his whole case in the declaration with particularity, taking care to show a valid promise as the basis of his claim. Yet the liberal principles which govern the action dispense with that particularity in cases where, upon a general state of fact, the law raises an undertaking, leaving the particulars to be disclosed by proof, on the trial. It is sufficient to set forth such facts, as, when proved or admitted, will warrant the court in drawing the legal inference in favor of the plaintiff. It will be obvious to the skillful pleader, that the common count in assumpsit, with the facts necessary for its support proven at the trial, secure to the plaintiff as perfect a *99 right to judgment, as if the same had been first particularly set. forth in the declaration, and then proved at the trial. And this-general mode of declaring can not take the adverse party by surprise, or be productive of injury; for he has a right to demand and receive, before he can be compelled to disclose his defense, a full-bill of the particulars which are relied upon against him. On the other hand, to compel the plaintiff to declare specially upon his contract, might involve him in difficulty, and lead to great injustice. In the case supposed, if the plaintiff counted upon the special contract, he would be under the necessity of fully'completing the-' contract on his part, in order that he might aver performance in the declaration, and prove it on trial, as essential to his recovery; and if the defective title of the vendor was discovered before all the purchase money was paid, he would be required to pay the-balance of the purchase before he could resort to his action to recover it back. And if, in such case, the estate should prove insolvent, he would thus be compelled, unjustly, to contribute to a-fund for the general creditors, having a right to recover back only a fro rata dividend. Why should the law work such injustice^ and that, too, in an action where it is said you may recover according to the very right and justice of your case? Again, if, in ordinary cases, a purchaser *may rescind his contract when the [96-title fails, and resort to the common count in assumpsit, to recover back the purchase money paid, what good reason can be urged for a change of rule, increasing the difficulty of recovery after one-of the parties is dead, and his interest intrusted to a representative,, necessarily less familiar with it ?
It appears to us that justice will be promoted by sustaining this-practice — that its sanction violates no legal principle, and can work no injury. We accordingly hold that a demand, the consideration of which springs from, or is connected with the estate of an intestate, though arising after his death, may be joined in the same-suit with a demand, the consideration and promise of which was. complete in the lifetime of the intestate. The judgment of the court of common pleas is affirmed, with costs.